Rosemary M. Rivas (SBN 209147)
rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ROBERT BERG, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>XACTLY CORPORATION, CHRISTOPHER W. CABRERA, JOHN P. WARD, JR., DAVID W. PIDWELL, NEAL DEMPSEY, GERALD S. CASILLI, EARL E. FRY, CAROL MILLS, LAUREN FLAHERTY, SCOTT MCGREGOR, EXCALIBUR PARENT LLC, EXCALIBUR MERGER SUB, INC., AND VISTA EQUITY PARTNERS FUND VI, L.P.,<br><br>Defendants. | Case No. 4:17-cv-3783-HSG<br><br>CLASS ACTION<br><br>**STIPULATION OF DISMISSAL AND [PROPOSED] ORDER**<br><br>Before: Hon. Haywood S. Gilliam<br>Complaint Filed: June 30, 2017 |

WHEREAS, on May 30, 2017, Xactly Corporation ("Xactly" or the "Company") and Vista Equity Partners Fund VI, L.P. ("Vista") announced that they had entered into an agreement and plan of merger (the "Merger Agreement") pursuant to which an affiliate of Vista would acquire all of the outstanding shares of Xactly for $15.65 in cash per share (the "Transaction");

WHEREAS, on June 16, 2017, Xactly filed a Definitive Proxy Statement (the "Proxy") with the United States Securities and Exchange Commission ("SEC") in connection with the Transaction;

WHEREAS, on June 30, 2017, plaintiff Robert Berg ("Plaintiff Berg"), individually and on behalf of all others similarly situated, commenced the above-captioned action (the "Berg Action") against defendants Xactly, Christopher W. Cabrera, John P. Ward, Jr., David W. Pidwell, Neal Dempsey, Gerald S. Casilli, Earl E. Fry, Carol Mills, Lauren Flaherty, Scott McGregor (the "Individual Defendants" and with Xactly, the "Xactly Defendants"), Excalibur Parent LLC, Excalibur Merger Sub, Inc., and Vista Equity Partners Fund VI, L.P. (collectively, the "Vista Defendants" and with the "Xactly Defendants," "Defendants");

WHEREAS, Plaintiff Berg alleges that the Xactly Defendants violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder by causing an allegedly materially incomplete and misleading Proxy to be filed with the United States Securities and Exchange Commission (the "SEC") on June 16, 2017, which recommended that Xactly stockholders vote in favor of the Transaction;

WHEREAS, Plaintiff Berg further alleges that the Individual Defendants and the Vista Defendants violated Section 20(a) of the Exchange Act by their participation in or awareness of the issuance of the allegedly false statements contained in the Proxy;

WHEREAS, on July 6, 2017, plaintiff Steven DePalo ("Plaintiff DePalo" and, with Plaintiff Berg, the "Plaintiffs"), individually and on behalf of all others similarly situated, commenced an action in the United States District Court for the Norther District of California captioned *DePalo v. Xactly Corporation et al.*, Case No. 3:17-cv-03838 (the "DePalo Action," and together with the Berg Action, the "Actions") against the Xactly Defendants;

WHEREAS, Plaintiff DePalo alleges that the Xactly Defendants violated Section 14(a) of the Securities Exchange and Rule 14a-9 promulgated thereunder by causing an allegedly materially incomplete and misleading Proxy to be filed with the SEC on June 16, 2017, which recommended that Xactly stockholders vote in favor of approving the Transaction;

WHEREAS, Plaintiff DePalo further alleged that the Individual Defendants violated Section 20(a) of the Exchange Act by their participation in or awareness of the issuance of the allegedly false statements contained in the Proxy;

WHEREAS, on July 17, 2017, Defendants filed an unopposed Administrative Motion to relate the DePalo Action to the earlier-filed Berg Action (Dkt. No. 7);

WHEREAS, the stockholder vote on the Transaction took place on July 28, 2017;

WHEREAS, on July 20, 2017, the parties to the Actions agreed on supplemental disclosures related to the Transaction (the "Supplemental Disclosures"), which addressed and mooted Plaintiffs' claims regarding the disclosures in the Proxy;

WHEREAS, on July 20, 2017, the Company made the Supplemental Disclosures by filing a Schedule 14A with the SEC;

WHEREAS, Plaintiffs' counsel reserve the right to assert a claim for attorneys' fees and expenses in connection with the prosecution of the Actions and the issuance of the Supplemental Disclosures, and have informed the Defendants of their intention to petition the Court for such fees and expenses (the "Fee Petition") if their claim cannot be resolved through negotiations between counsel for Plaintiffs and Defendants;

WHEREAS, by entering into this Stipulation, Defendants do not admit that the Supplemental Disclosures were material or that Plaintiffs are entitled to attorneys' fees and expenses, and reserve the right to oppose, in whole or in part, any claim by Plaintiffs for attorneys' fees and expenses;

WHEREAS, no class has been certified in either of the Actions;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiffs or their attorneys, and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee petition or award;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Actions was ever meritorious; and

WHEREAS, the parties intend to meet and confer concerning the amount of any Fee Petition, and in case the parties are unable to reach an agreement, Plaintiffs will make a Fee Petition, to be noticed for hearing in accordance with Civil Local Rule 7-2;

NOW THEREFORE, the parties agree as follows:

1. Plaintiff Berg hereby voluntarily dismisses the Berg Action with prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a), and the Berg Action shall be so dismissed. The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2. This Court retains jurisdiction over the parties to the Actions solely for the purposes of further proceedings related to the adjudication of Plaintiffs' potential Fee Petition.

3. If Plaintiff Berg makes a Fee Petition, such Fee Petition will be made with the cooperation of, and also on behalf of the plaintiff in the related De Palo Action and his counsel.

4. If the parties are unable to resolve Plaintiffs' counsel's claim for attorneys' fees and expenses, Plaintiffs shall file a petition and supporting papers seeking such relief, with the hearing to be noticed in accordance with Civil Local Rule 7-2.

Dated: August 2, 2017     **LEVI & KORSINSKY, LLP**

                          By: */s/ Rosemary M. Rivas*

                          *Attorneys for Plaintiff*

Dated: August 2, 2017     **WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

                          By: */s/ Catherine Moreno*
                              Catherine Moreno

                          Attorneys for Defendants
                          Xactly Corporation, Christopher W. Cabrera, Gerald S. Casilli, Neal Dempsey, Lauren Flaherty, Earl E. Fry, Scott McGregor, Carol Mills, David W. Pidwell, and John P. Ward, Jr.

Dated: August 2, 2017     **KIRKLAND & ELLIS LLP**

                          By: */s/ Matthew Solum*
                              Matthew Solum

                          Attorneys for Defendants
                          Excalibur Parent LLC, Excalibur Merger Sub, Inc., and Vista Equity Partners Fund VI, L.P.

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

**[PROPOSED] ORDER**

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation. The Court hereby orders as follows:

1. Plaintiff Berg hereby voluntarily dismisses the Berg Action with prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a), and the Berg Action shall be so dismissed. The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2. This Court retains jurisdiction over the parties to the Actions solely for the purposes of further proceedings related to the adjudication of Plaintiffs' potential Fee Petition.

3. If Plaintiff Berg makes a Fee Petition, such Fee Petition will be made with the cooperation of, and also on behalf of the plaintiff in the related De Palo Action and his counsel.

4. If the parties are unable to resolve Plaintiffs' counsel's claim for attorneys' fees and expenses, Plaintiffs shall file a petition and supporting papers seeking such relief, with the hearing to be noticed in accordance with Civil Local Rule 7-2.

**SO ORDERED** this _____ day of _____, 2017.

By: _____
HONORABLE HAYWOOD S. GILLIAM
UNITED STATES DISTRICT COURT JUDGE